IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:10CV219 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JANE DOE, Psychologist, at Douglas | ) | |
| County Correctional Center, and | ) | |
| JANE DOE, nurse, at Douglas | ) | |
| County Correctional Center, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 7, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against two individuals: a female psychologist and a nurse. (Filing No. 1 at CM/ECF p. 1.) Both individuals work at the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF pp. 1, 5.) Plaintiff sues Defendants in their individual and official capacities. (*Id*. at CM/ECF p. 5.) Plaintiff currently resides in Omaha, Nebraska. (*See* Docket Sheet.)

Condensed and summarized, Plaintiff alleges that on June 5, 2010, he was detained in the Douglas County Correctional Center and that Defendants placed him in administrative segregation. (Filing No. 1 at CM/ECF p. 7.) Plaintiff does not describe why he was detained in the Douglas County Correctional Center or why he was placed in administrative segregation. (*See* Docket Sheet.) However, he does allege that his confinement in administrative segregation violated his constitutional rights. (Filing No. 1 at CM/ECF pp. 13, 15.) Plaintiff asks the court to declare

administrative confinement unconstitutional.  (*Id*. at CM/ECF pp. 15, 19.)  He also seeks $100,000,000.00 in monetary damages.  (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.   DISCUSSION OF CLAIMS

### A.   Due Process

Liberally construed, Plaintiff alleges Defendants deprived him of the right to be a part of the general prison population without adequate due process.  The Due Process Clause by itself does not accord a prisoner a liberty interest in remaining in the general population. *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005).  Rather, prison officials must receive "wide-ranging deference in the adoption and execution

of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Accordingly, the Eighth Circuit has held that an inmate "does not have a constitutional right to a particular prison job or classification." *Sanders v. Norris*, 153 Fed. Appx. 403, 404 (8th Cir. 2005); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2004) (unpublished per curiam decision) (stating that inmate has "no liberty interest in a particular classification"). Thus, "[a]n inmate who makes a due process challenge to his segregated confinement must make a threshold showing that the deprivation of which he complains imposed an atypical and significant hardship." *Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (internal quotations omitted); *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Moreover, the Eighth Circuit has consistently held that "administrative and disciplinary segregation are not atypical and significant hardships[.]" *Portley-El*, 288 F.3d at 1065; *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship.").

Here, Plaintiff alleges that he was placed in administrative segregation on June 5, 2010. (Filing No. 1 at CM/ECF p. 7.) One day later, Plaintiff filed his Complaint. (*See* Docket Sheet.) When Plaintiff filed his Complaint he indicated that he was no longer incarcerated. (*Id*.) Overall, these allegations indicate that Plaintiff was in administrative confinement for only one day and fail to establish that Defendants imposed any atypical or significant hardships upon Plaintiff. Thus, Plaintiff's Due Process claim is dismissed for failure to state a claim upon which relief may be granted.

B.   *Eighth Amendment*

Plaintiff also alleges that his administrative confinement violated his Eighth Amendment rights. (Filing No. 1 at CM/ECF p. 1.) The Eighth Amendment prohibits

3

the "unnecessary and wanton infliction of pain." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). To establish an Eighth Amendment claim, Plaintiff must allege that Defendants denied him "the minimal civilized measure of life's necessities," or incarcerated him under conditions "posing a substantial risk of serious harm." *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citation and internal quotation marks omitted).

Here, Plaintiff does not allege that he was denied any of life's necessities or that he was harmed.  Thus, Plaintiff's Eighth Amendment claim is also dismissed for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2.      A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of July, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.